UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND AARON JONES,<br><br>           Plaintiff,<br><br>     v.<br><br>TOLSON, et al.<br><br>           Defendants. | CASE NO. 1:15-cv-01037-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 11.)

Plaintiff's Complaint is now before the Court for screening. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   SUMMARY OF COMPLAINT

Plaintiff names as Defendants California Department of Corrections, Mule Creek State Prison, and Correctional Officer Tolson.

Plaintiff alleges essentially the following:

Defendant Tolson labeled Plaintiff a predator and stalker because he is gay and he argued with a heterosexual. Defendant Tolson refuses to respond to his grievances.

Plaintiff seeks to have his file cleared of these accusations and damages.

### IV.   ANALYSIS

#### A.   Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (*quoting Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B. State Agencies as Defendants

Plaintiff names California Department of Corrections and Mule Creek State Prison as Defendants in this action. "State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Mule Creek State Prison is an arm of the California Department of Corrections and Rehabilitation, which is a state agency. Because a necessary element of a successful Section 1983 claim is that a "person" violated the plaintiff's constitutional rights, and the California Department of Corrections and Mule Creek State Prison are not "persons", Plaintiff cannot state a Section 1983 claim against these Defendants.

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, 'under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (*quoting Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1989)). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Id.* at 1025-26; *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment bars Plaintiff's Section 1983 claim against the California Department of Corrections and Mule Creek State Prison. Because amendment would be futile, the Court will dismiss Plaintiff's claims against these

Defendants without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### C. Verbal Harassment

"[V]erbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (implying that harassment "calculated to . . . cause [the prisoner] psychological damage" might state an Eighth Amendment claim) (*citing Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."). Plaintiff alleges that Defendant Tolson labeled him a predator and stalker and that these accusations landed him in the hospital. Plaintiff does not allege that these statements were unusually harsh even for the prison setting or that they were made with the intent to cause him psychological damage. Plaintiff has not stated an Eighth Amendment claim. Plaintiff will be granted leave to amend.

### D. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state

purpose. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 40 (1973); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Willowbrok*, 528 U.S. at 564. Here, the pleading is devoid of facts suggesting Gonzales was motivated by Plaintiff's race or discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239–40 (1976) (to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent).

It is not entirely clear from Plaintiff's allegations whether he intends to state an Equal Protection claim against Defendant Tolson. To the extent that Plaintiff wishes to do so, he must allege true facts which establish the above elements.

### E.   Appeals Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, prisoners have no stand-alone due process rights related to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance or denying a grievance does not constitute a due process violation. *See, e.g.*, *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff complains that Defendant Tolson refuses to answer his grievances.

Plaintiff has not stated a cognizable due process claim since no such rights exist relative to the administrative grievance process.  Leave to amend would be futile and is denied.

## V.	CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Here, the amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1.) is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed Complaint filed June 4, 2015;
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: August 6, 2015           /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE