1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND AARON JONES,<br><br>                    Plaintiff,<br><br>     v.<br><br>TOLSON, et al.<br><br>                    Defendants. | CASE NO. 1:15-cv-01037-MJS (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 16)<br><br>DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)<br><br>CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE |

**I.       PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 11.)

On June 4, 2015, Plaintiff filed his Complaint.  (ECF No. 1.)  The Court screened the Complaint and dismissed it with leave to amend.  (ECF No. 12.)  Plaintiff's First Amended Complaint is now before the Court for screening.  (ECF No. 16.)

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.     SUMMARY OF COMPLAINT

Plaintiff names as Defendant Correctional Officer Tolson.

Plaintiff alleges essentially the following:

Defendant Tolson publicly called Plaintiff a predator and stalker and documented same in his C-File.  Defendant Tolson required Plaintiff to "see a psych" and removed him from the G-Yard.  (ECF No. 16 at 3.)  She threatened Plaintiff in an unspecified manner and attempted to harm him by taking him off "DDP status."  (ECF No. 16 at 4.)  She placed him in a single person cell away from other inmates.

Plaintiff titles his claims "Defamation" and "Hate Crime – Hate Speech" and seeks therapy, removal of the information from his C-File, a written apology, an order prohibiting Defendant from committing retaliatory acts against him in the future, and damages.  (ECF No. 16 at 3-5.)

## IV.     ANALYSIS

### A.     Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983).

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (*quoting Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  *Id.*

### B.   Verbal Harassment

"[V]erbal harassment generally does not violate the Eighth Amendment."  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (implying that harassment "calculated to . . . cause [the prisoner] psychological damage" might state an Eighth Amendment claim) (*citing Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.").

Plaintiff alleges that Defendant Tolson called him a predator and stalker and made unspecified threats against him.  Plaintiff attaches a "General Chrono" to his First

Amended Complaint signed by Defendant Tolson indicating that Plaintiff was seen harassing and stalking other inmates and that Plaintiff acknowledged his behavior. (ECF No. 16 at 8.)  Plaintiff does not allege that Defendant's statements were unusually harsh or that they were made with the intent to cause him psychological damage.  Moreover, the chrono reflects Defendant took milder action than Plaintiff alleges and that the action was consistent with Plaintiff's behavior.

Plaintiff has not stated an Eighth Amendment claim.  Plaintiff was advised of the deficiencies in his pleading in the Court's prior screening order.  Plaintiff's failure to correct the deficiencies and the attached chrono contradicting his claim demonstrate his inability to do so.  Accordingly, he will not be granted leave to amend.

**C.    Defamation**

Under California law, the elements of a defamation claim are: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage."  *Kaufman v. United Health Group Inc.*, 546 Fed. Appx. 691, 692 (9th Cir. 2013) (*quoting Taus v. Loftus,* 40 Cal. 4th 683, 54 Cal. Rptr. 3d 775, 151 P.3d 1185, 1209 (Cal. 2007)).  In a § 1983 action, the Plaintiff must plead more than an injury to reputation; there must also be an injury to a liberty or property interest protected by the due process clause of the Fourteenth Amendment.  *See Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir. 1991) (citation omitted).  This is called "defamation-plus."  *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999).

"There are two ways to state a cognizable § 1983 claim for defamation-plus: (1) allege that the injury to reputation was *inflicted in connection* with a federally protected right; or (2) allege that the injury to reputation *caused the denial* of a federally protected right."  *Id.* (emphasis in original) (*citing Cooper*, 924 F.2d at 1532).

As an initial matter, Plaintiff did not raise this claim in his original Complaint, and the Court previously advised Plaintiff that amending his Complaint was not for the purposes of adding new claims.  (ECF No. 12.)  That being said, Plaintiff has failed to

allege the required elements of a cognizable defamation claim, and based on the chrono attached to his First Amended Complaint he is unable to do so.

Plaintiff has not alleged that his reputation was injured in connection with a federally protected right or that the damage caused him to be denied a federally protected right.  Essentially, Plaintiff alleges only that Defendant took action that may have cast Plaintiff in a bad light amongst other inmates.  Even if the Court accepted Plaintiff's allegation that Defendant called him a predator and stalker, based on Plaintiff's own exhibit, it appears that Defendant's statements are true.  According to the chrono, on more than one occasion Correctional Officers saw Plaintiff harassing and stalking other inmates, Plaintiff <u>acknowledged</u> the conduct, and Plaintiff was to be evaluated for "Predatory Behavior."   (ECF No. 16 at 8.)   Plaintiff is unable to state a claim for defamation based on true statements.

### D.    Hate Crime/Speech

Plaintiff alleges that Defendant called him a stalker and predator and stated that she would ruin him.

Plaintiff did not raise this claim in his original Complaint.  It is also not clear under what statute Plaintiff purports to bring this cause of action.  To the extent Plaintiff wishes to state a claim under the Federal Hate Crimes Act, 18 U.S.C. § 249(a), courts have found that there is no private right of action under the Act.  *See Turner v. Tierney*, 2013 U.S. Dist. LEXIS 34925, * 4 (N.D. Cal. March 13, 2013); *see also Godfrey v. Ross*, 2011 U.S. Dist. LEXIS 138366, *13-14 (E.D. Cal. Nov. 30, 2011); *see also Wiley v. California*, 2011 U.S. Dist. LEXIS 137440, *12-13 (E.D. Cal. Nov. 30, 2011).

Even if there was a private right of action, Plaintiff would need to show that Defendant willfully caused him bodily injury based on his "race, color, religion, or national origin."  18 U.S.C. § 249(a)(1).  Plaintiff's factual allegations do not fall within the realm of conduct prohibited by the Act.  Plaintiff fails to state a cognizable claim under the Act.

### E.     Injunctive Relief

Plaintiff seeks an order for therapy, removal of the defamatory language from his C-File, a written apology, and an order prohibiting Defendant from committing retaliatory acts against him in the future.  Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20).

Plaintiff has failed to show that he is likely to succeed on the merits or that the balance of equities tips in his favor since he has failed to state a cognizable claim.  He also fails to allege how he would suffer irreparable harm if the relief he seeks is not granted or that an injunction is in the public's interest.

## V.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim upon which relief may be granted.  Plaintiff was advised in the prior screening order of deficiencies in his verbal harassment claim and was given the opportunity to correct them.  Plaintiff has failed to do so, and no useful purpose would be served in allowing yet another opportunity to amend.  Additionally, Plaintiff cannot state a claim for defamation or hate crime/speech based on the facts alleged nor does it appear that there are a set of true facts which Plaintiff could allege that would state cognizable claims.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a copy of his First Amended Complaint (ECF No. 16.), filed September 3, 2015;

2. The action is DISMISSED WITH PREJUDICE for failure to state a claim;

3.  Dismissal shall count as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and

4.  The Clerk of Court shall terminate all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated:   September 14, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

7